IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RANDY THOMPSON,

        Plaintiff,

        v.

WALKER P. INMAN III,
KEITH KELSCH, MALISSA
KELSCH,

        Defendants.

_____

Case No. 6:22-cv-01783-MC

OPINION AND ORDER

**MCSHANE, Judge**:

        Plaintiff Randy Thompson, proceeding *pro se*, brings this conversion action against Defendants Walker Inman III, Keith Kelsch and Malissa Kelsch (Kelsch Defendants). Plaintiff previously applied to proceed *in forma pauperis* (IFP). ECF No. 2. The Court previously granted Plaintiff leave to proceed IFP, however, upon further reflection, the Court reconsiders it's decision. Pursuant to 28 U.S.C. § 1915(e)(2), a district court must screen applications to proceed IFP and dismiss any case that is frivolous or malicious, or fails to state a claim on which relief may be granted. *Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). That is, the court should construe pleadings by

1 – OPINION AND ORDER

*pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

Reading the Complaint liberally, it appears that this case is related to the theft of intellectual property and tangible equipment. Pl.'s Compl. Ex. 1 at 1, ECF No 1. In 2013, Plaintiff allegedly stored an HVAC-R construction trailer and VW Dune Buggy on Kelsch Defendants' property at 154 S. 100 W. St. George, Utah 84770. *Id*. Plaintiff claims that when he returned to the Kelsch property in June of 2018, the trailer had been moved across the street to a church parking lot and the contents of the trailer were stolen. *Id*. at 2. Plaintiff insists that the Kelsch Defendants are responsible for the theft, despite his concession that he possesses no evidence to support this claim. *Id*.

The second incident described in Plaintiff's Complaint involves an alleged burglary that took place at Plaintiff's home in Lincoln City, Oregon on October 1, 2020. *Id.* at 3. Plaintiff contends that Defendant Inman is responsible for stealing "over a million dollars" of Plaintiff's personal property, however, Plaintiff specifically states that "Defendants Keith and Malissa Kelsch are not accused of being a party to the Oregon theft[.]" *Id.* Plaintiff also admits that he has already filed a separate suit against Defendant Inman in the District of Oregon for claims arising out of the 2020 Oregon Burglary. *Id*.; *see Thompson v. Inman*, 6:22-cv-01665-MK.

## DISCUSSION

Plaintiff's Complaint suffers several fatal deficiencies. First, Plaintiff's conversion claim against Defendant Inman is barred by claim preclusion. Claim preclusion or res judicata generally prohibits a plaintiff from re-litigating claims that have been brought or could have been brought in a previous action. Restatement (Second) of Judgments § 24(1). Federal courts apply state preclusion law. *Marrese v. Am. Acad. of Orthopedic Surgeons*, 470 U.S. 373, 380 (1985). In

2 – OPINION AND ORDER

Oregon, claim preclusion applies when a plaintiff files a suit against the same defendant and the claim in the second suit: "(1) is based on the same factual transaction at issue in the first; (2) seeks an additional or alternative remedy to the one sought earlier; and (3) could have been joined in the first action." *Handam v. Wilsonville Holiday Partners, LLC*, 221 Or. App. 493, 498 (2008).

Here, Plaintiff is merely attempting to relitigate what he is already litigating in his action before Magistrate Judge Mustafa T. Kasubhai. Plaintiff filed that conversion action against Defendant Inman on October 27, 2022, before filing this case, and alleges facts arising out of the same 2020 burglary incident. *See* Pl.'s Compl. Ex. 1 at 2, ECF No. 1 in *Thompson v. Inman*, 6:22-cv-01665-MK. Attempting to relitigate that same claim in this action is not permissible. Therefore, Defendant Inman is dismissed from this case.

Additionally, the Complaint contains no allegation that this Court has personal jurisdiction over the remaining Defendants. Because there is no applicable federal statute governing personal jurisdiction, the Court looks to Oregon law.[1] Oregon law authorizes personal jurisdiction to the fullest extent permitted by the Due Process Clause of the U.S. Constitution. *See* Or. R. Civ. P. 4L. To establish personal jurisdiction, a plaintiff must show that a defendant had "minimum contacts" with Oregon, such that the exercise of personal jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Although in some limited circumstances courts consider the respective interests of the forum state and the plaintiff,

---

[1] The state law that applies is determined by the state in which the district court sits. *See* Fed. R. Civ. P. 4(k)(1)(A); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).

3 – OPINION AND ORDER

the requirement of "minimum contacts" exists primarily to "protect[] the defendant from the burdens of litigating in a distant or inconvenient forum." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). Therefore, for an exercise of jurisdiction to be proper, "minimum contacts" must "proximately result from actions by the defendant *himself*"—not the "unilateral activity of [a plaintiff] or a third person." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984).

The Court finds that an exercise of personal jurisdiction in the instant case would blatantly offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 316. The Kelsch Defendants do not live or conduct business in Oregon, and the Complaint contains no allegations remotely connecting any action of the Kelsch Defendants with the state of Oregon. The claims against the Kelsch Defendants involve an alleged theft of property that took place in Utah. Only the 2020 burglary took place in Oregon, and Plaintiff specifically alleges that the Kelsch Defendants were not parties to that theft. Pl.'s Compl. 3. The Kelsch Defendants appear to have no other "minimum contacts"[2] with the state of Oregon, therefore, the claims against the Kelsch Defendants must be dismissed for lack of personal jurisdiction.[3]

For similar reasons, this action must be dismissed for improper venue. Venue is governed by 28 U.S.C. § 1391(a)(1). That statute provides that "[a] civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the state in

---

[2] Plaintiff additionally alleges some email communication between the Kelsch Defendants in Utah and Defendant Inman in connection with the Oregon burglary. Pl.'s Compl. Ex. 1 at 3. A few alleged emails are still insufficient to establish that the Kelschs' have "minimum contacts" with the state of Oregon.

[3] If Plaintiff wishes to pursue his conversion claims against the Kelsch Defendants in a court that has personal jurisdiction, he must do so in a Utah Court.

4 – OPINION AND ORDER

which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Here, the remaining Kelsch Defendants do not reside in Oregon, the subject of the claims against them did not take place in Oregon, and Oregon courts cannot otherwise exercise personal jurisdiction over the Defendants. Venue in the District of Oregon is improper.

## CONCLUSION

Because this action suffers from multiple fatal deficiencies that cannot be remedied by amendment, the Court's Order (ECF No. 9) is stricken, and this matter is DISMISSED with prejudice.[4]

IT IS SO ORDERED.

DATED this __13th__ day of February 2023.

                                                                                   /s/ Michael J. McShane
                                                                                     Michael McShane
                                                                      United States District Judge

---

[4] Given the Court's independent reasons for dismissing this case with prejudice, Defendants' Motion to Dismiss (ECF No. 20) and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 22) are denied as moot.

5 – OPINION AND ORDER